**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Action No.: 12-cv-02974-REB

HUNGRY HORSE LLC, a New Mexico limited liability company,

    Plaintiff,

v.

E LIGHT ELECTRIC SERVICES, INC., a Colorado corporation,

    Defendant.

**ORDER DENYING MOTION TO VACATE ARBITRATION AWARD**

**Blackburn, J.**

This matter is before me on the plaintiff's **Motion To Vacate Arbitration Award** [#5][1] filed November 13, 2012. The defendant filed a response [#6], and the plaintiff filed a reply [#8]. I deny the motion.

### I. JURISDICTION

I have jurisdiction over this case under 28 U.S.C. § 1331 (federal question) and 9 U.S.C. §§ 1 and 2 (Federal Arbitration Act).

### II. STANDARD OF REVIEW

The plaintiff, Hungry Horse, LLC (HH), seeks an order vacating the award of an arbitration panel. The arbitration panel heard and determined HH's claim for payment for construction work HH performed for the defendant, E Light Wind and Solar, Inc. HH is a New Mexico limited liability company. E Light is a Colorado corporation. The

---

[1] "[#5]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF). I use this convention throughout this order.

contract between HH and E Light concerned a project in New Mexico and involved a transaction between residents of two different states. Those facts plus the nature of the work contemplated in the contract establish that the contract involves interstate commerce.

The Federal Arbitration Act (FAA) applies to all arbitration agreements involving interstate commerce. 9 U.S.C. § 2. The FAA creates a body of federal substantive law of arbitrability, applicable to any arbitration agreement within the coverage of the Act. ***Comanche Indian Tribe Of Oklahoma v. 49, L.L.C.***, 391 F.3d 1129, 1131 (10th Cir. 2004). The FAA provides that written arbitration agreements in transactions involving interstate commerce are "valid, irrevocable, and enforceable." 9 U.S.C. § 2. Federal policy strongly favors the arbitration of disputes and requires the federal courts to vigorously enforce agreements to arbitrate. ***Shearson/American Express, Inc. v. McMahon***, 482 U.S. 220, 226 (1987).

A federal court should confirm an arbitrator's award "unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11 of" the FAA. 9 U.S.C. § 9. Any party to the arbitration may apply to vacate the arbitration award when the arbitrators exceeded their powers. 9 U.S.C. § 10. Nevertheless, "the standard of review of arbitral awards is among the narrowest known to law." ***Brown v. Coleman Co.***, 220 F.3d 1180, 1182 (10th Cir. 2000), ***cert. denied***, 531 U.S. 1192 (2001). "Once an arbitration award is entered, the finality of arbitration weighs heavily in its favor and cannot be upset except under exceptional circumstances." ***Burlington Northern and Santa Fe Railway Co. v. Public Service Co. of Oklahoma***, 636 F.3d 562, 567 (10th

Cir. 2010) (citations and internal quotation marks omitted). However, the award of an arbitration panel may be vacated when the arbitrators exceed their powers. 9 U.S.C. § 10(d). Arbitrators exceed their powers when, *inter alia*, they enter an award on claim never made against a party under an agreement to which the party is not a party. **Totem Marine Tug & Barge, Inc. V. North American Towing, Inc.**, 607 F.2d 649, 651 (5th Cir. 1979). Thus, arbitrators are restricted to the issues submitted. *Id*.

If it is determined that the parties agreed to arbitration and that the issue in dispute falls within the scope of their agreement, the only remaining question is whether any statute or policy renders the claims non-arbitrable. **See Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth**, 473 U.S. 614, 626 - 628 (1985); **Williams v. Imhoff**, 203 F.3d 758, 763-64 (10th Cir. 2000). Any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration. **Moses H. Cone Memorial Hospital v. Mercury Construction Corp.**, 460 U.S. 1, 24-25 (1983).

### III.  DECISION OF THE ARBITRATION PANEL

HH asserted a claim against E Light to collect about 2.8 million dollars for work HH performed for E Light on two solar panel projects in New Mexico. The dispute was submitted to a panel of three arbitrators.  By agreement of the parties, the arbitration was governed by New Mexico law.  The panel issued an award on October 12, 2012. *Motion* [#5], Exhibit 6 (Award).  Ultimately, the panel concluded that HH "is not entitled to receive further compensation for construction work performed on the projects at issue in this case." *Award*, p. 3.  The panel awarded 350,000 dollars to HH for materials it supplied for the project.

The basis for the panel's decision was its conclusion that HH was an unlicensed contractor at the relevant time. The panel concluded that New Mexico contractor licenses are issued only to qualified entities which employ or are owned by one or more qualifying parties who are validly certified to perform the classification of contracting in which the licensee intends to engage. *Id*, p. 2. The panel concluded that HH was an unlicensed contractor based on the following factual findings, stated on page two of the award. Len Stokes, a licensed New Mexico contractor, was designated by HH as the qualifying party for HH. HH was issued a New Mexico contractor's license based on the statement by HH and by Stokes that Stokes was the qualifying party for HH. Stokes never was an owner or an employee of HH, never performed any work for HH, and had no first-hand knowledge of the work performed by HH on the project. Ultimately, the panel found "Mr. Stokes was not a proper qualifying party for the HH contractor's license. HH had no other qualifying party for its contractor's license. HH was an unlicensed contractor performing work at the subject project." *Id*.

Based upon these factual findings, the panel reached the following legal conclusions:

> New Mexico law is clear that "No contractor shall act as agent or bring or maintain any action in any court of the state for the collection of compensation for the performance of any act for which a license is required under the [New Mexico Construction Industries Licensing Act] (CILA) without alleging and proving that such contractor was a duly licensed contractor at the time the cause of action arose." (60-13-30.A. NMSA) "An unlicensed subcontractor is barred by this section from recovering compensation for construction work performed by a general contractor." **Romero v. Parker**, 2009-NMCA-047, 146 N.M. 116, 207 P.3d 350. "Equitable principles do not apply in actions covered by this section to permit recovery." **Romero v. Parker**.

*Award*, pp. 2 - 3. Based on its finding that HH was not a duly licensed contractor, the

4

panel concluded that HH is not entitled to receive further compensation for its construction work on the projects and that it was not entitled to file a mechanic's lien against the project. *Award*, pp. 2 - 3. The panel awarded HH 350,000 dollars for materials supplied to E Light because supplying those materials did not require a license. *Award*, pp. 3 - 4.

When E Light raised the defense that HH was not entitled to payment because it was not a duly licensed contractor, HH objected and argued that the panel did not have the authority to address the licensing issue. The panel disagreed and addressed the duly licensed defense raised by E Light.

## IV.  ANALYSIS

Under 9 U.S.C. § 10(a), a court may vacate an arbitration award if "the arbitrators exceeded their powers." The parties' arbitration agreement provides that the parties "agree to binding arbitration of all disputed issues including the issues related to the Mechanics Lien and Bond . . . ." *Response* [#7], Exhibit A, ¶ 1. The agreement gave the panel broad authority to address the disputes between the parties. I conclude that the panel's decision did not exceed the authority granted to the panel in the agreement. HH argues that the panel exceeded its powers in determining that HH was not a licensed contractor. HH contends the panel exceeded its authority under the agreement because, under New Mexico law, the panel had no authority to second guess the issuance of a license to HH by the New Mexico Construction Industries Division. HH summarizes in its motion the New Mexico statutory scheme which grants licensing authority to the CID.

Under New Mexico law, the arbitration panel does not have the legal authority to

issue New Mexico contractor licenses or to revoke those licenses. In this case, however, the panel's action was much more narrow. The panel did not revoke HH's license. Rather, the panel concluded that, given the facts surrounding HH's license when it performed work for E Light, HH could not properly be seen as a duly licensed contractor.

>Under N.M. Stat § 60-13-30,
>
>No contractor shall . . . bring or maintain any action in any court of the state for the collection of compensation for the performance of any act for which a license is required by the Construction Industries Licensing Act without alleging and proving that such contractor was a duly licensed contractor at the time the alleged cause of action arose.

Because HH had not proven that it was a duly licensed contractor, the panel found that § 60-13-30 barred HH from pursuing its claim for payment for construction work performed for E Light.

## V.  CONCLUSION & ORDERS

The arbitration panel's conclusions and award are based on application of the law to the facts as found by the panel. Determining the relevant facts and applying the applicable law was well within the panel's authority under the arbitration agreement to hear and determine "all disputed issues including the issues related to the Mechanics Lien and Bond . . . ." *Response* [#7], Exhibit A, ¶ 1. In reaching its conclusions, the panel did not revoke HH's license. Rather, the panel found that the status of HH's license at the relevant time precluded HH from pursuing its claims against E Light. So construed, the award is within the purview of the panel's legal authority and the authority granted by the parties to the panel. Thus, the award is not subject to vacatur.

## V.  ORDERS

**THEREFORE, IT IS ORDERED** as follows:

1. That the plaintiff's **Motion To Vacate Arbitration Award** [#5] filed November 13, 2012, is **DENIED**;

2. That judgment with prejudice **SHALL ENTER** in favor of the defendant, E Light Wind and Solar, Inc., a Colorado corporation, against the plaintiff, Hungry Horse, LLC, a New Mexico limited liability company, on the plaintiff's motion to vacate the arbitration award; and

3. That the defendant is **AWARDED** its costs, to be taxed by the clerk of the court under Fed. R. Civ. P. 54(d)(1) and D.C.COLO.LCivR 54.1.

Dated September 25, 2013, at Denver, Colorado.

                                          **BY THE COURT:**

*/s/ Robert E. Blackburn*
Robert E. Blackburn
United States District Judge